WILLIAM A. HICKEN v. THE BOARD OF EDUCATION OF THE CITY OF DULUTH.
FRANK CRASSWELLER AND OTHERS, RESPONDENTS.[1]

September 8, 1922.

No. 23,209.

**Moneys and credits are to be included when computing percentage limitation for issue of bonds.**

In computing the assessed value of the taxable property of a school district upon which the 3½ per cent limitation prescribed by G. S. 1913, § 1862, is based, moneys and credits are included.

Action in the district court for St. Louis county to restrain the defendant board of education of Duluth and its officers from issuing bonds in the amount of $500,000. Cant, J., granted defendants'

[1]Reported in 189 N. W. 709.

motion for judgment on the pleadings.    From the judgment entered
pursuant to the order for judgment, plaintiff appealed.    Affirmed.

*Spencer J. Searls*, for appellant.

*Baldwin, Baldwin, Holmes & Mayall*, for respondents.


DIBELL, J.

Action to restrain the defendant board of education of Duluth,
and its officers, from issuing bonds in the amount of $500,000.
There was judgment for the defendants and the plaintiff appeals.

G. S. 1913, § 1862, provides as follows:

"No such school district shall have power to issue bonds or any
evidence of indebtedness running more than two years, whenever
the aggregate of the outstanding bonds and evidences of indebted-
ness of such district equals or exceeds three and one-half per cent
of the assessed value of all the taxable property within such school
district."

If the assessed value of the real property and personal property
of the district, excluding property assessed as moneys and credits
makes the principal upon which the 3½ per cent is computed, the
proposed bonds together with bonds heretofore issued exceed the
prescribed limit.    If moneys and credits of the district are included
with other personal property, and with real property, in making
the principal, the limit is not reached.    The question is whether
moneys and credits are included within the term "assessed value
of all the taxable property," as used in section 1862.    The question
is not a doubtful one.

Section 1849, which along with section 1862, is a part of chapter
10, relating to public indebtedness, defines "assessed value" as "the
latest valuation for purposes of taxation, as finally equalized, of all
property taxable within the municipality" etc.

Moneys and credits are assessed by the city assessor, the assess-
ments are reviewed and equalized like assessments of other peronal
property, the county auditor computes the tax, and the taxes are
collected by the county treasurer, like other personal property taxes.
The money and credits taxes are apportioned one-sixth to the state

revenue fund, one-sixth to the county revenue fund, one-third to the municipality and one-third to the school district. The provisions as to the taxation of moneys and credits are found in G. S. 1913, §§ 2316-2328. The tax is a property tax based on full value without an offset for debts owing by the taxpayer. It is in no sense a lieu tax. It is true that the amount of the tax is determined in a way different from that used in respect of other personal property. This is not significant. Taxes on real property vary according to location and character, without equality of value as between different classes; and so it is of different classes of personal property. The tax is a property tax on one species of personal property.

In Miller v. City of Glenwood, 188 Iowa, 514, 176 N. W. 373, a case similar to this, moneys and credits were included, without apparent question, in the total upon which the percentage limitation was based. The case of Elliott v. Philadelphia, 229 Pa. St. 215, 78 Atl. 107, cited by appellant, itself distinguishes the tax there involved as a state tax.

We hold that in determining the assessed value upon which to compute the 3½ per cent limitation of bonded indebtedness fixed by G. S. 1913, § 1862, moneys and credits are included.

Judgment affirmed.